MILLS, ADMX., APPELLANT, *v.* COLONIAL LIFE & ACCIDENT INSURANCE COMPANY, APPELLEE.

(No. 51742 — Decided February 23, 1987.)

*Nurenberg, Plevin, Heller & McCarthy Co., L.P.A., Anne L. Kilbane* and *Joel Levin,* for appellant.

*James P. Conroy* and *Kathleen McDonald O'Malley,* for appellee.

CORRIGAN, J. This appeal arises out of the granting of defendant Colonial Life & Accident Insurance Company's motion for summary judgment in a declaratory judgment action filed by plaintiff Frances E. Mills on October 4, 1984.

The plaintiff sought a declaration that the defendant's sickness policy issued to her father, Mack Mills, covered injuries sustained by him as a result of a motor vehicle accident.

Mack Mills was involved in a motor vehicle accident on June 16, 1983 resulting in severe and permanent injuries which rendered him a quadriplegic and comatose. The injuries eventually led to his death. Mills was confined in Suburban Community Hospital and then transferred to Sunny Acres from the time of the accident until his death.

Frances Mills, the administratrix of the estate of Mack Mills, made a demand upon Colonial Life for hospitalization and disability benefits under the policy. Colonial refused to pay benefits and this suit was filed.

On February 28, 1985, the defendant filed a motion for summary judgment with exhibits attached. On March 1, 1985, the plaintiff filed a motion for summary judgment and on March 14, 1985 filed a motion to strike the defendant's exhibits.

On February 18, 1986, the trial court granted the defendant's motion for summary judgment and the plaintiff appeals assigning the following errors for our review:

"I. The trial court court [*sic*] committed prejudicial error in determining that the plaintiff was not entitled to summary judgment as a matter of law.

"II. The trial court committed prejudicial error by interpreting all ambiguities in the insurance policy in favor of the defendant, who was the drafter.

"III. The trial court erred as a matter of law in failing to grant plaintiff's motion to strike defendant's exhibits A-D of its summary judgment motion.

"IV. The trial court erred as a matter of law in allowing the defendant to argue that plaintiff was not covered by the policy because the defendant was estopped from and waived the right to do so."

A single issue is crucial to the resolution of each of the appellant's assignments: whether the benefits provisions of the instant contract are ambiguous. We hold that the provisions are not ambiguous and therefore affirm the ruling of the trial court.

The construction of written contracts is a matter of law, thus summary judgment on such issues is appropriate. *Alexander* v. *Buckeye Pipe Line Co.* (1978), 53 Ohio St. 2d 241, 7 O.O. 3d 403, 374 N.E. 2d 146. Common words appearing in a written instrument will be given their ordinary meaning unless manifest absurdity results, or unless some other meaning is clearly evidenced from the face or overall contents of the instrument. *Id.* Thus, when words in a policy of insurance have a plain and ordinary meaning, it is neither necessary nor permissible to resort to construction unless plain meaning would lead to an absurd result. *Olmstead* v. *Lumbermens Mut. Ins. Co.* (1970), 22 Ohio St. 2d 212, 51 O.O. 2d 285, 259 N.E. 2d 123.

The policy at issue here stated that "[t]he benefits of this policy are provided for the pain, suffering, inconvenience and non-medically related expenses that you, your spouse or dependent children *may incur as a result of an accident or sickness as described herein.*" (Emphasis added.) Thus, the policy was designed to cover expenses resulting from accident or sickness as specifically described in the policy.

Section A of the policy describes the benefits of the policy. The section is divided into two parts entitled: "Hospital Confinement Benefit (sickness)" and "Total Disability Benefit (sickness)." The policy is clearly targeted as expenses which result from sickness. "Sickness" is defined by Webster's Third New International Dictionary (1961) 2111 as follows: "1 * * * ill health; illness; * * * 2 * * * a form of disease * * *[.]" Sickness does not ordinarily encompass, by its definition, accidental injuries.

The policy at issue here, however, expands, in its benefits section, the definition of sickness. The Hospital Confinement Benefit section provides that "[i]f *accidental injuries* require *hospital* confinement commencing more than six months from date of accident, that condition will be considered *sickness. Recurrent periods* of

*hospital* confinement during the term of the policy for the same or related conditions are to be treated as one continuous period of *hospital* confinement." (Emphasis added.)

Thus, in the policy, the concept of sickness is broadened to include conditions which develop more than six months beyond the accident date and which require hospital confinement. The decedent herein was hospitalized immediately after his accident; thus, his injuries do not constitute sickness under the policy's expanded definition.

This broadened definition is carried forward in the Total Disability Benefit (sickness) section as well. There the following language is used: "[i]f, as the result of *accidental injuries, total disability* results and commences more than thirty days from the date of accident, that condition will be considered *sickness.*" (Emphasis added.)

Again, the policy extends the definition of sickness to. include conditions of total disability resulting from accidental injuries which commence more than thirty days after the accident date. Thus, injuries which result in immediate total disability do not constitute sickness under the terms of the policy.

The trial court did not err in granting summary judgment to the appellee under the plain meaning of the policy. The appellant's first assignment is overruled.

As the policy was not ambiguous on its face, the trial court was not required to construe ambiguities in favor of the insured. The second assignment is overruled.

As the trial court properly granted summary judgment under the plain meaning of the policy, the failure to strike the additional policies included as exhibits did not constitute reversible error. The third assignment of error lacks merit.

Having determined that the language of the policy is neither vague nor ambiguous, we also overrule the appellant's fourth assignment. Therein, the appellant argued that the policy did not specifically exclude the insured and therefore the appellee could not deny the claim. Having determined that the policy did specifically exclude coverage, the assignment is overruled as well.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

Markus, P.J., and Pryatel, J., concur.